**ALPHA TRIAL GROUP, LLP**
RICHARD K. WELSH (State Bar No. 208825)
JEFFREY A. ZUIDEMA (State Bar No. 248057)
10940 Wilshire Blvd., Suite 600
Los Angeles, CA  90024
Telephone:      (310) 562-4550
Email:   rwelsh@atgllp.com
            jzuidema@atgllp.com

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG RUN POWER PRODUCERS, LLC, a North Carolina LLC; MARICOPA RNG 1, LLC, a Delaware LLC; BUTTERFIELD RNG 1, LLC, a Delaware LLC; RED RIVER BIOREFINERY, LLC, a Delaware LLC; ULTRA CAPITAL, LLC, a Delaware LLC; <br><br> Plaintiffs, <br><br> v. <br><br> VENTURE ENGINEERING & CONSTRUCTION, INC., a Pennsylvania corporation; DAVID D. MONIOT, an individual; and Does 1-20, <br><br> Defendants. | CASE NO. 3:20-CV-09246-SK <br><br> **NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date: February 1, 2021 <br> Time: 9:30 a.m. <br> Courtroom: C – 15th Floor <br> Judicial Officer: Hon. Sallie Kim |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 1, 2021 at 9:30 a.m., or as soon thereafter as the matter may be heard, before Magistrate Sallie Kim in Courtroom C on the 15th Floor of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California 94102, plaintiffs Big Run Power Producers, LLC; Maricopa RNG 1, LLC; Butterfield RNG 1, LLC; Red River Biorefinery, LLC; and Ultra Capital, LLC (collectively, "Plaintiffs") will move the Court for an order pursuant to 28 U.S.C. § 1447 remanding this action to the Superior Court of California for the County of San Francisco and granting fees and costs to Plaintiffs in the amount of $2,100 as the cost and fees, including attorneys' fees, incurred as a result of the removal.

Plaintiffs move for remand on the ground that diversity does not exist between Plaintiffs and Defendants Venture Engineering & Construction, Inc. ("VEC") and David D. Moniot (collectively with VEC, "Defendants"). Specifically, Defendants are citizens of Pennsylvania and at least one member of Plaintiffs is also a citizen of Pennsylvania.

Plaintiffs' motion for remand is based on this notice of motion and motion, the memorandum of points and authorities in support, the declarations of Thomas J. Ferraro and Jeffrey A. Zuidema, the pleadings and documents on file with the Court, upon other such evidence as may be presented at the time of the hearing.

DATED: December 22, 2020

**ALPHA TRIAL GROUP, LLP**

By: /s/ Jeffrey A. Zuidema
JEFFREY A. ZUIDEMA
Counsel for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

"The federal court's basic diversity jurisdiction extends to 'all civil actions where the matter in controversy exceeds … $75,000 … and is between … [c]itizens of different States.'" *Johnson v. Columbia Prop's Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity" such that "an unincorporated association such as a partnership has the citizenships of all of its members." *Id.* "Notwithstanding LLC's corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction." *Id.* That is, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*

"Removal statutes are strictly construed against removal jurisdiction in the Ninth Circuit." *Stuefen v. MV Senior Living LLC*, No. 16-cv-04992-NJV, 2016 WL 6124422 at *2 (N.D.Cal. 2016) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "To establish the citizenship of a limited liability company, Defendant must, at a minimum, allege the citizenship of all members of the limited liability company." *Id.* at *3. "A defendant that fails to allege the citizenship of members of a LLC has 'no basis upon which to remove the action.'" *Id.*

Defendants did not meet their burden of establishing diversity. Instead, without naming a single member of the LLC Plaintiffs, Defendants assert "on information and belief" that "all members of the Delaware limited liability company Plaintiffs are citizens of states other than Pennsylvania," claiming that "[n]o information regarding the members of these Delaware limited liability companies is publicly available." Removal Not. ¶ 4.c-d. at p. 2 (ECF No. 1). Defendants effectively admitted they had no basis for removal since they lacked the requisite knowledge about Plaintiffs' members and their citizenship, which could have easily been resolved with a phone call or email to Plaintiffs' counsel.

Defendants cannot meet their burden of establishing diversity. According to their Notice of Removal, VEC and Mr. Moniot "are citizens of Pennsylvania." Removal Not. ¶ 4.b. at p. 2 (ECF No. 1). And Plaintiffs have at least one member, Thomas Ferraro, who is also a citizen of Pennsylvania. Ferraro Decl. ¶¶ 2-3. Because Plaintiffs and Defendants are both citizens of Pennsylvania, there is no diversity and, thus, removal was improper. Accordingly, the Court

should remand this case back to the Superior Court of California for the County of San Francisco.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because Defendants removed the state action without any basis for asserting diversity, Plaintiffs incurred over $2,100 in costs and attorneys' fees. Zuidema Decl. ¶ 2. Had Defendants contacted Plaintiffs first, Defendants would have learned that diversity does not exist and would have avoided wasting judicial and party resources on this motion. Plaintiffs request that the Court order the case remanded to state court and require Defendants, or their counsel, pay Plaintiffs' incurred costs and expenses, including attorneys' fees, in the amount of $2,100 resulting from this baseless removal.

DATED: December 22, 2020          **ALPHA TRIAL GROUP, LLP**

                                  By: /s/ Jeffrey A. Zuidema
                                  JEFFREY A. ZUIDEMA
                                  Counsel for Plaintiffs