UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG RUN POWER PRODUCERS, LLC, A NORTH CAROLINA LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VENTURE ENGINEERING & CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case No. 20-cv-09246-SK<br><br>**ORDER GRANTING MOTION TO REMAND AND AWARDING FEES**<br><br>Regarding Docket No. 8 |

Defendants removed the instant action from San Francisco Superior Court on December 21, 2020. (Dkt. 1.) On December 22, 2020, Plaintiffs filed a motion to remand. (Dkt. 8.) Defendants do not oppose the motion to remand but oppose the award of fees. (Dkt. 17.) Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. (Dkts. 13, 18.) For the reasons set forth below, the Court HEREBY VACATES the motion hearing currently set for February 1, 2021, GRANTS Plaintiffs' motion to remand, and AWARDS $2,100.00 in fees to Plaintiffs.

Defendants sought to remove this action under 28 U.S.C. § 1441 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. To establish the existence of diversity jurisdiction, a party must show an amount in controversy in excess of $75,000 and complete diversity of citizenship between the parties. 28 U.S.C. § 1332; *Equity Growth Asset v. Holden*, 2019 WL 2180202, at *2 (N.D. Cal. Apr. 16, 2019) (citing *Iowen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between opposing parties.")). Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction;" this "'strong presumption' against removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper.'" *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).  "Like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "A defendant that fails to allege the citizenship of members of an LLC has 'no basis upon which to remove the action.'" *Stuefen v. MV Senior Living LLC*, 2016 WL 6124422, at *3 (N.D. Cal. Oct. 20, 2016) (citing *Solberg v. NDEx West, LLC*, 2011 WL 1295940, at *3 (N.D. Cal. Mar. 31, 2011)).  A court remanding an action removed without a reasonable basis for removal may award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Stuefen*, 2016 WL 6124422, at *5 (finding award of fees justified where party failed to allege citizenship of LLC and therefore "lack[ed] a reasonable basis for removal").

      In their notice of removal, Defendants state that "Defendants Moniot and Venture are citizens of Pennsylvania."  (Dkt. 1 ¶ 4(b).)  Defendants do not allege the citizenship of Plaintiffs.  Rather, they state that "[u]pon information and belief, all members of the Delaware limited liability company Plaintiffs are citizens of states other than Pennsylvania."  (Dkt. 1 ¶ 4(d).)  In their motion to remand, Plaintiffs point out that at least one member of the Plaintiff LLCs is a citizen of Pennsylvania.  (Dkt. 8-1 (Ferraro Dec. ¶¶ 2-3).)  Accordingly, Plaintiffs contend that complete diversity does not exist between the parties and that Defendants lacked a reasonable basis for removal.  Plaintiffs further contend that the lack of reasonable basis for removal warrants an award of fees in the amount of the $2,100.00 incurred by Plaintiffs in responding to the removal.  (Dkt. 8.)  In opposing the motion to remand, Defendants concede that complete diversity does not exist and remand is appropriate.  (Dkt. 17.)  However, Defendants argue that an award of fees is not justified because they did not conclusively know that Plaintiffs possessed Pennsylvania citizenship at the time they removed the action and because Plaintiffs' counsel are uncooperative bad faith actors.  (Dkt. 17-1.)

      The Court finds that Defendants lacked a reasonable basis for removal.  The law is well established in the Ninth Circuit that a removing party bears the burden of establishing diversity

jurisdiction, including by demonstrating the full membership of LLCs.  *Gaus*, 980 F.2d at 566; *Johnson*, 437 F.3d at 899; *Stuefen*, 2016 WL 6124422, at *3.  Here, Defendants did not properly carry their burden of alleging the citizenship of Plaintiff LLCs.  Plaintiffs therefore were forced to incur the expense of bringing the motion to remand – and the Court expended the resources required to adjudicate it – when the substance of the motion could be easily decided by recourse to information Defendants had the burden of obtaining prior to filing the motion.  Defendants attempt to cast aspersions on Plaintiffs' counsel to deflect from their failure to carry their burden is not an impressive argumentative tactic.  The Court concludes that an award of costs is justified in this case.

For the reasons set forth above, the Court VACATES the motion hearing currently set for February 1, 2021, GRANTS Plaintiffs' motion to remand, and AWARDS $2,100.00 in fees to Plaintiffs.  The Clerk of Court is directed to transfer the file.

**IT IS SO ORDERED**.

Dated: January 27, 2021

_____
SALLIE KIM
United States Magistrate Judge